UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARKANNA ISIDORE, Individually and For Others Similarly Situated,<br>　　　　　Plaintiff,<br><br>v.<br><br>ONE WAY CHECK ADVANCE OF LOUISIANA, LLC<br>　　　　　Defendant. | Case No. _____<br><br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COMPLAINT

### SUMMARY

1. One Way Check Advance of Louisiana, LLC ("Defendant") failed to pay Markanna Isidore ("Isidore" or "Plaintiff"), and other workers like her, overtime as required by the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201 *et. seq.*

2. Instead, Defendant paid Isidore, and other workers like her, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Plaintiff brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as a significant portion of the facts giving rise to this lawsuit occurred in this District. Specifically, Isidore worked for Plaintiff in Plaquemines Parish and Defendant is domiciled in this District.

### THE PARTIES

6. Plaintiff Isidore is a major individual domiciled at 13623 Hwy 15, Braithwaite, Louisiana in Plaquemines Parish.

7.	Isidore was an hourly employee of Defendant. Her written consent is attached as Exhibit A.

8.	Isidore worked at Defendant's Belle Chasse, Louisiana location.

9.	In addition to the Belle Chasse location, Defendant also owns and operates locations in Houma, Kenner, Marrero, and Chalmette.

10.	Defendant is a Louisiana corporation and may be served with process by serving its registered agent Shannon Brewer, 215 Chanel Street, Folsom, Louisiana 70437.

## COVERAGE UNDER THE FLSA

11.	At all times hereinafter mentioned, Defendant was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12.	At all times hereinafter mentioned, Defendant was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13.	At all times hereinafter mentioned, Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14.	At all times hereinafter mentioned, Plaintiff and the Class Members (as defined below) were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

15.	Defendant is a pay-day lending company.

16.	Plaintiff was an hourly employee of Defendant.

2


17. Plaintiff was not paid on a salary basis.

18. Plaintiff was not paid a salary guarantee.

19. Plaintiff was hired around January 2017.

20. Plaintiff left Defendant's employment near the end of August 2019.

21. Defendant paid Isidore $11 per hour.

22. Isidore reported the hours she worked to Defendant on a regular basis.

23. If Isidore worked fewer than forty (40) hours in a week, she would be paid only for the hours she worked.

24. The hours Isidore worked are reflected in Defendant's records.

25. Plaintiff regularly worked over 40 hours in a workweek.

26. Defendant paid Isidore at the same hourly rate for all hours worked, including those in excess of forty (40) in a workweek.

27. Rather than receiving time and half as required by the FLSA, Isidore only received "straight time" pay for overtime hours worked.

28. This "straight time for overtime" payment scheme violates the FLSA.

29. Defendant was aware of the overtime requirements of the FLSA.

30. Defendant nonetheless failed to pay its hourly employees, such as Isidore, overtime.

31. Defendant's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

32. Defendant's illegal "straight time for overtime" policy extends beyond Isidore.

33. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim

for collective treatment); *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006).

34. Defendant has paid numerous hourly workers using the same unlawful scheme.

35. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

36. The workers impacted by Defendant's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the collective is properly defined as:

> **All hourly employees of One Way Check Advance of Louisiana, LLC who, at any time in the past three (3) years, worked over forty (40) hours in a workweek and were paid "straight time for overtime."**

## CAUSE OF ACTION

37. By failing to pay Isidore and those similarly situated overtime at one-and-one-half times their regular rates, Defendant violated the FLSA's overtime provisions.

38. Defendant owes Isidore and those similarly situated the difference between the rate actually paid and the proper overtime rate.

39. Because Defendant knew, or showed reckless disregard for whether its pay practices violated the FLSA, Defendant owes these wages for at least the past three years.

40. Defendant is liable to Isidore and those similarly situated for an amount equal to all unpaid overtime wages as liquidated damages.

41. Plaintiff and those similarly situated are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

39. Plaintiff prays for relief as follows:

a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

b. Judgment awarding Plaintiff and those similarly situated to her all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d. All such other and further relief to which Plaintiff and those similarly situated to her may show themselves to be justly entitled.

Respectfully submitted:

**BOHRER BRADY, LLC**

By: /s/ Philip Bohrer
　　Philip Bohrer  (#14089)
　　phil@bohrerbrady.com
　　Scott E. Brady  (#24976)
　　scott@bohrerbrady.com
　　Amanda E. McGowen (#33976)
　　amcgowen@bohrerbrady.com
　　8712 Jefferson Highway, Suite B
　　Baton Rouge, Louisiana 70809
　　Telephone: (225) 925-5297
　　Facsimile: (225) 231-7000

　　**ATTORNEYS FOR PLAINTIFF**